UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARTHUR GLENN JONES, SR., | Case No. 2:14-cv-06495-FLA(AS) |
|---|---|
| Petitioner, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| J. LIZARRAGA, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. section 636, the court has reviewed the Petition, all the records herein, and the attached Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the court concurs with and accepts the findings and conclusions of the Magistrate Judge.  The court addresses the most pertinent of Petitioner's Objections, below.

///

///

///

**1. Any Ambiguity in the Report and Recommendation Regarding the Standard for "New" Evidence Does Not Impact the Outcome Here.**

In his Objections, Petitioner argues that the Magistrate Judge erred in defining "new" evidence for purposes of an actual innocence analysis as evidence that was unavailable to Petitioner at trial. Dkt. 216 at 23-24.

As Petitioner notes (Dkt. 216 at 23), and the Report and Recommendation correctly states (Dkt. 209 at 28), a showing of actual innocence must be based on "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - *that was not presented at trial*." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). To the extent the Report and Recommendation was ambiguous on this point (see, e.g., Dkt. 209 at 32-33 n. 27), the ambiguity does not alter the analysis presented in the Report and Recommendation, as the Magistrate Judge cited the correct standard and, in any event, considered all the evidence Petitioner presented in support of his actual innocence claim, regardless of whether it had been available and/or presented at trial. Dkt. 209 at 28, 32-73.

**2. Petitioner's Arguments Regarding the Destruction of State Court Records Do Not Impact the Outcome Here.**

Petitioner also argues he was prevented from presenting evidence of his innocence because the state court record has been destroyed. Dkt. 216 at 13-16, 18-20, 45, 51.[1]  At times,

---

[1] Petitioner also argues that the Magistrate Judge erred by denying Petitioner's requests for additional discovery. Dkt. 216

2

Petitioner fails to distinguish between the trial exhibits, which were destroyed in 1991 (Dkt. 216 at 62), and the remaining state court record from Petitioner's state court appeal, which was destroyed in 2005 (Dkt. 216 at 55). (See, e.g., Dkt. 216 at 13-14, 16, 45, 48). Both categories of evidence are discussed below.

### a. Trial Exhibits

With respect to the trial exhibits, which were destroyed in 1991 (Dkt. 216 at 62), Petitioner has not established how any of this physical evidence would have proven his innocence had it not been destroyed. Specifically, to the extent the trial exhibits contained any physical evidence that might have been subjected to re-testing, the evidence presented at trial benefited Petitioner and there is no reason for the court to conclude that new testing would have furthered Petitioner's claim of innocence.

First, Petitioner argues that the gun found at the time of his arrest was not the one that fired the shell casing found at the shooting scene and that, because the exhibits were destroyed, new ballistics testing could not be performed. Dkt. 216 at 18-19. Petitioner admits, however, that his jury heard testimony that the shell casing did not match the gun. Dkt. 216 at 18, 30-31. It is not reasonable to conclude that additional testing of the gun or

---

at 2, 11, 14, 20, 46-48, 51. Petitioner has not shown how the Magistrate Judge's denial of Petitioner's request to engage in further discovery prevented Petitioner from obtaining evidence of his innocence, particularly where it appears that the evidence Petitioner sought through discovery has been destroyed. Moreover, Petitioner has not shown that he would have been able to discover any additional evidence that was not uncovered during the state court post-conviction discovery proceedings. See Dkt. 216 at 60-63.

3

shell casing, had they not been destroyed, would have produced additional exculpatory evidence.

Similarly, Petitioner argues that gunshot residue testing of Petitioner's clothing was negative and that, had the clothing been saved, a variety of new forensic testing could have been conducted. Dkt. 216 at 18-19. As with the ballistics evidence, the forensic testing of Petitioner's clothing conducted before trial benefited Petitioner, as it did not indicate the presence of gunshot residue on Petitioner's clothing. Dkt. 216 at 32-33. Other than mere speculation, Petitioner has not shown that additional testing of his clothing would have produced any additional evidence of his innocence.

Finally, to the extent Petitioner argues additional toxicology testing could have proven his innocence, his argument is misguided. Dkt. 216 at 19. The fact that Petitioner did not have any drugs other than phencyclidine in his blood at one given point in time does not prove that he never consumed other drugs.

### b. Appellate Record

As to the appellate record, which would have included copies of the transcripts from Petitioner's trial but was destroyed in 2005 (Dkt. 216 at 55), Petitioner has not presented any credible reason for the court to conclude that anything in the destroyed record supported his claim of innocence beyond what the parties have presented here and the Magistrate Judge addressed in the Report and Recommendation.[2]

---

[2] The court notes that it is unclear what standard of diligence applies when a petitioner invokes the actual innocence exception to a procedural bar. See Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (stating that "[b]ecause this case does not present

4

### 3. Petitioner Has Not Established Actual Innocence Under the Schlup Standard.

The remaining arguments Petitioner presents in the Objections lack merit for the reasons stated in the Report and Recommendation. Ultimately, Petitioner presents nothing more than his interpretation of inconsistencies in the evidence and urges the court to find that these inconsistencies are proof that the evidence presented against Petitioner was false or perjured. Such inconsistencies do not prove falsity. See United States v. Croft, 124 F.3d 1109, 1119 (9th Cir. 1997) (holding that actual falsity was not shown where witnesses merely had "conflicting recollections of events"); United States v. Zuno-Arce, 44 F.3d 1320, 1423 (9th Cir. 1995) (observing that discrepancies in

---

the question, we need not—and do not—decide what diligence, if any, a petitioner must demonstrate in order to qualify for the actual innocence exception recognized in this opinion," and comparing Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (requiring no showing of diligence by a petitioner seeking equitable tolling on actual innocence grounds), with Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002) (requiring a petitioner seeking equitable tolling on actual innocence grounds to show either that a state-created barrier prevented his timely discovery of relevant facts or that a "reasonably diligent petitioner" could not have discovered such facts in time to file within the limitations period)). Nevertheless, the court notes that it was due only to Petitioner's lack of diligence in pursuing his current claims that his appellate record was destroyed before Petitioner pursued federal habeas relief. Perhaps the most substantial bit of evidence in support of Petitioner's claim of innocence is the declaration of Charles Preyer. This declaration was executed in 1994 (Dkt. 74, Exh. R), more than ten years before the appellate record in Petitioner's case was destroyed. Yet, Petitioner waited two decades after Preyer executed his declaration to file the instant Petition, by which time the state appellate record had been destroyed.

evidence "could as easily flow from errors in recollection as from lies").

Based on the evidence of record, as presented by Petitioner and addressed in the Report and Recommendation, Petitioner cannot show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 324; see Diaz v. Holland, No. CV 15-6376-CAS (JEM), 2016 WL 1493070, at *4 (C.D. Cal. Mar. 9, 2016) (finding petitioner had not met the Schlup standard of proving actual innocence where his claims were based merely on "numerous inconsistencies and weaknesses in the evidence"), report and recommendation adopted, No. CV 15-6376-CAS (JEM), 2016 WL 1541123 (C.D. Cal. Apr. 13, 2016); Antilia v. Holland, No. EDCV 15-875-PSG(AJW), 2015 WL 9694682, at *4 (C.D. Cal. Oct. 7, 2015) ("Petitioner's reliance on weaknesses or inconsistencies in the prosecution's case, including his allegation that the prosecutor coerced the main prosecution witness to alter his testimony and testify falsely, do not constitute new evidence of innocence."), report and recommendation adopted, No. EDCV 15-875-PSG (AJW), 2016 WL 146428 (C.D. Cal. Jan. 11, 2016).

Therefore, it is hereby ORDERED that (1) Judgment be entered denying the Petition and dismissing this action with prejudice; and (2) Respondent's motion to dismiss the Petition is denied as moot.

///
///
///
///

It is further ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on Petitioner and Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 27, 2023

```
                                    FERNANDO L. AENLLE-ROCHA
                                    United States District Judge
```